UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH LEWIS, SALVATORE RUSSO,     :
NICHOLAS JAWORSKI, and ALEXANDER   :
NAVARRO, on behalf of themselves and all others
similarly situated                       :
                               :
                               :     **COMPLAINT**
               Plaintiffs,   :
                               :     **FLSA COLLECTIVE**
                               :     **ACTION AND RULE 23**
DARBY DENTAL SUPPLY, LLC         :     **CLASS ACTION**
                               :
                               :     **JURY TRIAL DEMANDED**
             Defendant.   :
------------------------------------------------------------X

Plaintiffs KEITH LEWIS, SALVATORE RUSSO, NICHOLAS JAWORSKI, and

ALEXANDER NAVARRO ("Plaintiffs"), by and through their attorneys, on behalf of

themselves and all others similarly situated, allege, upon personal knowledge as to themselves,

and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action, on behalf of themselves and other employees similarly

situated, against Defendant DARBY DENTAL SUPPLY, LLC ("Defendant") to  remedy

violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief,

unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other

applicable federal law.

2.    Plaintiffs also bring this action, on behalf of themselves and other employees similarly

situated, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §

190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2.  Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendant does business in, and accordingly resides in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6.      Plaintiff KEITH LEWIS ("Plaintiff Lewis") resides in the County of Nassau in the State of New York.  At all relevant times, Plaintiff Lewis was employed by Defendant as an account manager, as described herein, from on or about November 2013 until July 2015, approximately.

7.      Plaintiff SALVATORE RUSSO ("Plaintiff Russo") resided in the County of Nassau in the State of New York.  At all relevant times, Plaintiff Russo was employed by Defendant as an account manager, as described herein, from on or about November 2013 until June 2014, approximately.

8.      Plaintiff NICHOLAS JAWORSKI ("Plaintiff Jaworski") resides in the County of Nassau in the State of New York.  At all relevant times, Plaintiff Jaworski was employed by Defendant as an account manager, as described herein, from in or about May 2013 until June 2015, approximately.

9.      Plaintiff ALEXANDER NAVARRO ("Plaintiff Navarro") resides in the County of Nassau in the State of New York.  At all relevant times, Plaintiff Navarro was employed by Defendant as an account manager, as described herein, from on or about September 2013 until July 2015 approximately.

10.     Plaintiffs Lewis, Plaintiff Russo, Plaintiff Jaworski, and Plaintiff Navarro are hereinafter referred to as "Plaintiffs".

11.     Defendant is a foreign limited liability company registered in the State of Delaware with its principal place of business at 300 Jericho Quadrangle, Jericho, New York 11753.

12.     Defendant grossed more than $500,000.00 in each of the last six calendar years.

13.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the "production of goods"  for "commerce", within the meaning of 29 U.S.C. § 203.  At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).  At all relevant times, Defendant has employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

14.     Defendant is a nationwide distributor of dental supplies with a main office at 300 Jericho Quadrangle, Jericho, New York 11753[1].

---

[1] http://www.google.com/finance?cid=11596890  accessed May 17, 2016.

15.     Defendant sells over 40,000 dental supply products to dental clinics and dentist offices throughout the United States. Defendant conducts its business through telephone sales and an e-commerce website. Defendant operates regional warehouse and distribution centers in Arizona, Florida, Michigan, New York, Wisconsin, and Tennessee[2]. Defendant claims to be the largest all-telesales national distributor of dental merchandise[3].

16.     Plaintiffs, the Putative Collection Action Members, and the Class Members worked for Defendant as hourly paid account managers. Account managers were assigned to work at Defendant's main office located at Jericho, New York and at locations in Coral Springs, FL; Chandler, Arizona; DePere**,** Wisconsin; Michigan; and Memphis, TN.  In addition, some account managers worked from their homes.

17.     Account managers' primary duties include selling dental products by calling and texting dental clinics and dentists' offices.

18.     When Defendant first employs account managers, defendant expects account managers to build up a customer base by making "cold calls" to dental offices and dental clinics to solicit business[4].

19.      Account managers make or receive calls to dental clinics, dentists' offices, and manufacturers during their normal workday. Account managers also e-mail manufacturers regarding products and conduct internet searches regarding products.

---

[2] http://www.google.com/finance?cid=11596890  accessed May 17, 2016.
[3] https://www.darbydental.com/home/press.aspx accessed May 17, 2016.
[4] http://www.indeed.com/cmp/Darby-Dental-Supply,-LLC/reviews accessed May 17, 2016.

## **OFF-THE-CLOCK WORK**

20.    The account managers' normal scheduled workday was between eight and ten hours. Account managers could start their day no later than 10:00 am and could finish no earlier than 5:00 pm.

21.    Plaintiff Lewis generally worked from 7:30am to 5:00pm, Monday through Friday exclusive of time worked during his lunch break, evenings, weekends, and other days off.

22.    Plaintiff Russo generally worked from 8:30am to between 5:30pm and 6:00 pm, Monday through Friday exclusive of time worked during his lunch break, evenings, weekends, and other days off.

23.    Plaintiff Jaworski generally worked from between 9:00am and 9:30 am to between 5:30pm and 6:00pm, Monday through Friday exclusive of time worked during his lunch break, evenings, weekends, and other days off.

24.    Plaintiff Navarro generally worked from 8:30am to between 5:30pm and 6:00 pm, Monday through Friday exclusive of time worked during his lunch break, evenings, weekends, and other days off.

25.    Account managers regularly work extra hours for which they are not compensated. Account managers regularly use their private cell phones to send texts to and receive texts from their customers during their lunch breaks and/or after the end of their normal workdays, and/or at times on weekends or other days off.  Account managers also use their private cell phones to make/receive customer calls during their lunch breaks, after their normal

workdays, and/or at times on weekends and/or other days off. Many of the evening texts and calls occur away from work.  The Account managers also performed internet research, on various dental products in response to customer inquiries, while off-the-clock.

26.     In order to maximize sales opportunities, Defendant's account managers are encouraged to give their private cell phone numbers to prospective and established customers.

27.     Account managers had customers in different time zones in the United States necessitating calls and texts after 5:00pm Eastern time.

28.     Account managers regularly received calls and texts after they left work and sometimes received calls as late as 11pm Eastern time or later.

29.     Defendant expects each account manager to make a minimum of 65 calls per day.[5]

30.     Defendant kept track of how many calls account managers made.

31.     Account managers swipe in to record the beginning of their work day at Defendant's Jericho, NY main office[6]. Account managers also swipe/clock out for lunch and back in at the end of their designated lunch periods. At the end of their workdays, account managers swipe/clock out.

---

[5]  https://www.glassdoor.com/Reviews/Darby-Dental-Reviews-E4400.htm - accessed May 17, 2016.

[6] Or at their assigned location at Defendant's other offices.

32.     Account managers regularly continue to perform work (making or receiving phone calls and texts) after they clock out at the end of the day. Account managers often perform work during their designated lunch periods while clocked out.

33.     While Defendant does pay for some overtime hours worked, Defendant discourages account managers from recording hours worked beyond their normal workday.

34.     Defendant does not discourage account managers from working during the account managers' unpaid lunch periods.

35.     Defendant does not discourage account managers from working after the account managers' have clocked out for the day.

36.     Defendant does not discourage account managers from working on weekends.

37.     Defendant does not discourage account managers from working on account managers' days off other than weekends.

38.     At all times relevant hereto, Defendant's management team knew that the account managers were making/receiving calls and sending/receiving texts on their personal cell phone while not clocked in.

39.     Defendant's account managers are non-exempt employees.

40.     The account managers were entitled to be paid all of their wages for all hours worked under 40 hours in a workweek.

41.     The account managers were entitled to be paid at the required overtime rates for all hours worked over 40 hours in a work-week.

42.     Defendant failed to properly track, record, and pay for all of the hours worked by Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

43.     Defendant failed to compensate Plaintiffs Lewis, Russo, Jaworski, and Navarro, and the FLSA Collective Plaintiffs and members of the Class, for time they worked off-the-clock outside – i.e. before and/or after - their regularly scheduled work day for some hours worked over 40 per week (evening, weekend, and other days off).

44.     Defendant failed to compensate Plaintiffs Lewis, Russo, Jaworski, and Navarro, and the FLSA Collective Plaintiffs and members of the Class, for time they worked off-the-clock during their assigned lunch break for some hours worked over 40 per week.

45.     Plaintiffs Lewis, Russo, Jaworski, and Navarro worked an average of two to four hours over 40 per week for which Defendant did not compensate them.  Those uncompensated hours were worked during their lunch breaks, in the evening, on weekends and/or on other days off.

46. Defendant profited from the extra hours worked by Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members**,** and Defendant should have paid them for this time.

47.     As a result of the above illegal policies and practices, Defendant failed to pay Plaintiffs Lewis, Russo, Jaworski, and Navarro, and the FLSA Collective Plaintiffs and members of the Class, for all of the hours they worked (i) at their regular hourly rates of pay - for the hours they worked up to 40 hours per week, and (ii) at the required overtime rates of one and one-half times their regular hourly rate of pay - for all hours they worked in excess of forty hours per week.

48.     Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay overtime premiums for all hours worked in excess of 40 hours in a week.  Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and that it violated the FLSA and the NYLL

49.     Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## FAILURE TO INCLUDE COMMISSIONS IN REGULAR RATE OF PAY

50.     Defendant pays account managers on an hourly basis

51.     Defendant pays account managers a basic hourly rate for 40 hours a week.

52.     Defendant pays its account managers for some hours worked over 40 per week at a rate of time and a half the account manager's basic hourly rate of pay.

53.     Defendant pays account managers' commissions based on margins, performance and products sold.

54.     In violation of the FLSA and NYLL, Defendant does not include the commissions paid in calculating account managers' overtime rate of pay.

55.     As a result of the above illegal policies and practices, Defendant failed to pay Plaintiffs Lewis, Russo, Jaworski, and Navarro, and the FLSA Collective Plaintiffs and members of the Class, the required overtime rate based upon their regular rates of pay including commissions at one and one-half times their regular hourly rate of pay for all of the hours they worked in excess of forty hours per week.

56.     Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay overtime premiums for all hours worked in excess of 40 hours in a week.  Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and that it violated the FLSA and the NYLL

57.    Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Account Managers who were employed by Defendant  in the United States on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case.  All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

59.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular hourly rates of pay for all work performed for Defendant in excess of forty (40) hours per workweek.  The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

60.    Other Account Managers currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other Account Managers notice of the action and allow them to opt in to such an action if they so choose.

61.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

62.    Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and statutory damages on behalf of a class of all individuals employed by Defendant as Account Managers in

New York State on or after the date that is six years before the filing of this Complaint until the present (the "Class Period").  All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

63.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendant's records.  Notice can be provided by means permissible under FRCP Rule 23.

64.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendant, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over one hundred members of the Class.

65.     Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not properly compensated for all hours worked up to forty hours and for all overtime hours worked as required by 12 NYCRR § 142-2.2.  Moreover all of the Class members were subject to Defendant's policy of including the number of hours compensated rather than the number of actual hours worked on their pay statements in violation of NYLL § 195(3).  Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

66.     As fellow employees of Defendant, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

67.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are

experienced and competent in employment and wage and hour litigation and class action litigation who have many times previously represented plaintiffs in wage and hour class cases.

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69.     Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

70.    The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including, whether Defendant required Class Members to work uncompensated hours and uncompensated overtime hours and failed to adequately compensate the Class Members for all hours worked and all overtime hours worked as required by 12 NYCRR § 142-2.2 and whether the pay statements that Defendant issued to the Class violated NYLL § 195(3).

71.    Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the NYLL.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

72.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

73.    Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto as Exhibit "A".

74.    At all times relevant hereto, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

75.    At all relevant times, Defendant had a policy and practice of refusing to pay all of the wages and overtime compensation it owed to its employees for all of their hours worked, including hours worked in excess of forty hours per workweek.  At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

76.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid hours and overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre-and post-judgment

interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Wages and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class)**

77.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

78.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

79.     It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

80.     Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

81.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

82.     Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Failure to Provide Accurate Pay Statements – NYLL § 195(3)**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

83.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

84.    Section 195(3) of the NYLL requires every employer to "furnish each employee with a statement with every payment of wages…  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

85.    Defendant provided pay statements to Plaintiffs and the members of the Class that did <u>not</u> include an accurate number of hours worked.

86.    The pay statements that Defendant provided to Plaintiffs and the members of the Class included the number of regular and overtime hours <u>paid</u>, not the number of regular and overtime hours actually <u>worked</u> as required by the NYLL.

87.    In addition, the overtime rates of pay listed on the pay statements were inaccurate insofar as they did not include commissions when calculating the listed overtime rates of pay.

88.    Defendant violated NYLL **§** 195(3) and consequently owes Plaintiffs and the members of the Class statutory damages as specified by NYLL § 198(1-d).

89.    Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL § 198(1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

(a)     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Certification of this action as a class action;

(c)     Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and as the class representatives of the Class;

(d)     An award of unpaid wages and overtime compensation, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e)     Statutory damages under NYLL § 198(1-d) for violations of NYLL § 195(3);

(f)     Costs of action incurred herein, including expert fees;

(g)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(h)     Pre-Judgment and post-judgment interest, as provided by law; and

(i)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial

Dated: May 18, 2016

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____

David Harrison, Esq.
nycotlaw@gmail.com
Harold W. LeMar, Esq.
haroldwlemar@gmail.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorneys for Plaintiffs and the Proposed FLSA*
*Collective and Class*

# Exhibit A

I am a current or former employee of Darby Dental Supply, LLC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 9th day of May , 2016.

_____
Signature

Keith Lewis
_____
Full Legal Name (print)

I am a current or former employee of Darby Dental Supply, LLC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this __9th__ day of __May__ , 2016.

_____
Signature

_____
Full Legal Name (print)

I am a current or former employee of Darby Dental Supply, LLC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _1_ day of _May_ , 2016.

_____

Signature

Alexander Navarro

Full Legal Name (print)

I am a current or former employee of Darby Dental Supply, LLC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _16_ day of _MAy_ , 2016.

_____
Signature

_____
SALVATORE RUSSO III
Full Legal Name (print)