**FILED
CLERK**

JGK 12/23/2016
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
............................
Keith Lewis, et al.,         .  Docket #CV-16-2538 (JFB)(ARL)
                             .
      Plaintiffs,            .
                             .  United States Courthouse
           V.                .  Central Islip, New York
                             .  December 14, 2016
Darby Dental Supply, LLC,    .  4:40 p.m.
                             .
      Defendant.             .
............................
```

TRANSCRIPT OF DECISION ON THE RECORD
BEFORE THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

| | |
|---|---|
| For The Plaintiffs: | Julie Salwen, Esq.<br>Harrison Harrison & Associates<br>110 Hwy 35-2nd Fl.<br>Red Bank, NJ 07701 |
| | David Harrison, Esq.<br>Harrison Harrison & Associates<br>110 Hwy 35-2nd Fl.<br>Red Bank, NJ 07701 |
| For The Defendant: | Noel P. Tripp, Esq.<br>Jackson Lewis, PC<br>58 South Service Rd.-Ste. 250<br>Melville, NY 11747 |
| | Marc Wenger, Esq.<br>Jackson Lewis, PC<br>58 South Service Rd.-Ste. 250<br>Melville, NY 11747 |

                                                                         2

                                     **Paul R. Piccigallo, Esq.**
                                     **Jackson Lewis, PC**
                                     **58 South Service Rd.-Ste. 250**
                                     **Melville, NY 11747**

**Audio Operator:**

**Transcribing Firm:**        **Writer's Cramp, Inc.**
                                     **63 Dakota Drive**
                                     **Hamilton, NJ 08619**
                                   **609-588-8043**

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

 1          THE CLERK:  Calling case 16-CV-2538, <u>Lewis vs. Darby</u>
 2  <u>Dental Supply</u>.  Counsel, please identify yourselves for the
 3  record.
 4          MS. SALWEN:  Julie Salwen for Plaintiff and –
 5          MR. HARRISON:  And David Harrison as well for
 6  Plaintiff.  Good afternoon.
 7          THE COURT:  Good afternoon.
 8          MR. TRIPP:  Noel Tripp from Jackson Lewis, along
 9  with Marc Wenger and Paul Piccigallo for the defendant.  Good
10  afternoon, Your Honor.
11          THE COURT:  Good afternoon.  As you know, I
12  scheduled this.  I wanted to place the court's ruling on the
13  record with respect to the pending motion for partial
14  dismissal of the second amended complaint.  If you want to
15  order a copy of the transcript of this ruling, you can do so
16  through the clerk's office.  So, I just ask you to bear with
17  me.  It'll take about 10 minutes or so to place the court's
18  ruling on the record.
19          For reasons I'll outline in detail in a moment, the
20  motion for partial dismissal of the second amended complaint
21  is denied in it's entirety, and that includes the motion to
22  strike the class and collective allegations from the amended
23  complaint.  In terms of the standard for a motion to dismiss
24  under 12(b)(6), I adopt the standard set forth in a prior
25  opinion of mine <u>DeSliva v. North Shore Long Island Jewish</u>

1   <u>Health System, Inc.</u>, 770 F.Supp 2nd 497 Eastern District of
2   New York, March 16th, 2011. In short, as both sides understand
3   and agree, the standard is the court accepts the allegations
4   in the complaint as true, drawing all reasonable inferences in
5   the Plaintiff's favor in determining whether a plausible claim
6   exits, and that's the standard court is applying here.
7        First, with respect to the off the clock claim under the
8   FSLA and state law, I find that it is sufficiently pled to
9   state a plausible claim, the pleading requirements for the
10  FSLA, which is similar to state law, are set forth in the
11  <u>DeSilva</u> opinion. In applying that to this particular case, I
12  believe there's certainly sufficient detail to state a
13  plausible claim, notwithstanding the defendant's arguments.
14  With respect to the complaint, the second amended complaint
15  sets forth the number of hours alleged, which was an issue in
16  <u>DeSilva</u> but is not an issue here. Specifically, paragraph 48
17  states -- estimates two to four hours each week of off the
18  clock work. It alleges the type of off the clock work, in
19  paragraphs 36 talks about making and receiving calls and texts
20  from dental customers during lunch and before and after
21  regular workday. Paragraph 37 also makes reference to inner
22  search -- internet research in connection was done on various
23  dental products. So, it certainly alleges the type of work so
24  that the defendant's on notice as to the nature of the claim.
25  The amended complaint also alleges the defendants knew about

1    this off the clock work.  Paragraph 42, that statement is also
2    supported by specific allegations in terms of details of what
3    the basis is for that allegation of knowledge of how they
4    knew.  For example, paragraph 33 states the defendant's
5    supervisor encouraged the plaintiffs to provide their cell
6    phone numbers.  Paragraph 43 says they discussed the off the
7    clock calls with managers.  The plaintiffs discussed the off
8    the clock calls with managers and supervisors to address
9    issues that came up during those calls.  Paragraph 44 alleges
10   pizza was ordered and they were encouraged to do work during
11   the lunch.  So, certainly a plausible claim -- allegations
12   regarding defendant's knowledge about the off the clock work,
13   have been stated to support a plausible claim.
14        As discussed in the briefs and oral argument, defendants
15   point out there's no specific allegation that the defendants
16   knew that the plaintiffs were not seeking compensation for
17   that off -- that work that took place during the lunch or just
18   before or after work.  Even in the absence of a specific
19   allegation of knowledge that they weren't seeking compensation
20   for that work, I believe that a reasonable inference could be
21   drawn from the complaint with respect to that.  For example,
22   as it relates to the lunch issue, paragraph 44 states that the
23   supervisors had the plaintiffs clock out for lunch to eat
24   pizza while they were working, so that certainly would suggest
25   that they were aware that they weren't seeking compensation

 1   for that or the supervisor wouldn't have had them clock out.
 2   Also paragraph 34 talks about the tracking system that calls
 3   only tracked at the work station.  And paragraphs 45 and 46
 4   note that the tracking system should have alerted defendants
 5   to the fact that work was being done off premises.  And also I
 6   think a reasonable inference could potentially be drawn from
 7   the number of hours per week if it's efficiently substantial
 8   that someone would notice the lack of any reporting of those
 9   hours for purposes of compensation.
10        So, for all those reasons, I find that those claims have
11   sufficiently been pled to put the defendant on notice as to
12   the nature of the claim and to state a plausible claim under
13   both federal and state law.  Obviously, these issues regarding
14   the various elements can be raised at summary judgment once
15   there's been discovery with respect to that claim and the
16   other claims.  With respect to the section 195 sub-section 3
17   claim under New York law, the defendants argue that the
18   section only pertains to hours compensated being properly
19   reflected on the wage statement and not hours worked, thus
20   defendants contend that -- that with respect of off the clock
21   uncompensated hours, failing to be reflected in the wage
22   statements, that that can't be a violation as a matter of law
23   under section 195.  There appear to be no New York cases on
24   this issue.  Judge Block entered a 2015 opinion in Copper v.
25   Calvary Staffing, LLC 132 F.Supp .3d 460 2015.  As a matter of

```
 1   first impression, you stated that just based upon the
 2   statutory language which refers specifically to hours worked,
 3   not hours compensated, that the plain meaning would support a
 4   plausible claim in this type of situation.  I suggested at
 5   oral argument to defense counsel that it might make sense to
 6   defer this issue to summary judgment, in light of the fact
 7   that it wouldn't change the discovery in the case but I think
 8   the argument was made that they're entitled to know whether or
 9   not the claim is in the case or not regardless of its impact
10   on discovery.  So, in light of that, my ruling is on agreeing
11   at this point, with Judge Block.  I believe the statutory
12   language certainly would support the plaintiff's
13   interpretation of the statute.  I understand the defense
14   argument that that would create liability in essentially every
15   situation similar to the one we have in this situation,
16   assuming that there was off the clock uncompensated work it
17   would -- should already be not reflected in the wage
18   statement, and therefore a violation of that provision as
19   well.  But notwithstanding that, legislatures are obviously
20   free to enact laws as they see fit and I'm going to go along
21   at this point with Judge Block's opinion.  I'm agreeing with
22   the use of the plain meaning of the statute to allow this
23   claim to go forward.  The denial of the motion to dismiss on
24   this claim is obviously, again, without prejudice and can be
25   raised at the summary judgment stage, maybe there will be New
```

1   York cases for the -- articulate -- New York court cases that
2   will further articulate for this issue, but I'm allowing this
3   claim to proceed as well at this point.  With respect to the
4   motion to strike the class, collective action allegations,
5   first I just -- with respect to the standard for a motion to
6   strike.  I set that forth, that standard in a case called
7   <u>Calibuso v. Bank of America Corporation</u> 893 F.Supp .2d 374
8   Southern District of New York 2012.  And I adopt again that
9   standard in its entirety.  I noted in that case that motions
10  to strike of this nature are generally looked upon with
11  disfavor because plaintiffs haven't even moved at this point,
12  for a class action or collective action.  In the absence of
13  such a motion, generally, a motion to strike such allegations
14  is usually viewed by courts as premature.  But putting that
15  aside, the -- I've looked at the issue in any event and I
16  reject the arguments made by the defendants at this point.
17  There was one argument made is that the allegations are too
18  individualized to support any type of class or collective
19  allegation.  Paragraphs 34, excuse me, 32 through 48 plainly
20  allege that this was a policy that not only applied to the
21  plaintiffs but other account managers.  It states clearly that
22  it was encouraged and applied in the same way basically across
23  all the account managers.  So, there's certainly sufficient
24  allegations to allege that this was a policy and was being
25  implemented in the same way with respect to all the account

1   managers.  The fact that they met at different hours,
2   obviously wouldn't impact the ability to be a class action or
3   collective action, assuming that the hours were otherwise
4   actionable.  The second argument was that 29 USC Section
5   207(i) applies because the second amended complaint
6   establishes that Darby is a retail or service establishment
7   and defeats any ability to bring this as a class or collective
8   action.  Putting aside the issue of whether or not it's an
9   affirmative defense, there is certainly case law to suggest
10  that that's an affirmative defense.  But even assuming that
11  it's not, I don't believe that it can be resolved at this
12  juncture.  It's a very fact specific inquiry as discussed in
13  detail in the <u>Charlotte v. Echo Lab Inc.</u> opinion 136 F.Supp
14  3433 Eastern District of New York 2017.  And here paragraph 17
15  alleges supplies that defendant sells to dental clinics and
16  others are re-sold to dental patients, certainly efficiently
17  alleges for purposes of pleading, the re-sold aspect that
18  would overcome the defendant's argument with respect to this
19  issue.  I mean, obviously the Halperin declaration tries to
20  address this issue, but I don't believe that a motion to
21  dismiss, or motion to strike, however you characterize it,
22  that the court should be going outside the pleadings at this
23  point, to engage in a more fact specific analysis of the
24  nature of the resells with respect to this particular company
25  and what percentages of its business that it is.  So, I also

10

1  note the defense cites a number of cases in support of their
2  position, but I believe most, if not all, of those cases are
3  summary judgment cases.  So, I don't believe that this can be
4  resolved in this case at this juncture until the motion to
5  strike the class or collective allegations, based upon that
6  argument is also denied without prejudice to being renewed at
7  the summary judgment stage.  So, that's the decision of the
8  court.  Given the holidays, does the defense want a little
9  extra time to file an answer?
10             MR. TRIPP:  Your Honor, this is Mr. Tripp.  If we
11  could have 30 days to file the answer –
12             THE COURT:  That's fine.
13             MR. Tripp:  -- and –
14             THE COURT:  January 16th?
15             MR. TRIPP:  That would be fine, Your Honor, thank
16  you.
17             THE COURT:  Actually, that's a holiday.  The 17th,
18  January 17th.
19             MR. TRIPP:  Understood.
20             THE COURT:  Okay, any -- are there any other issues?
21  Obviously, the magistrate judge will be -- have you had a
22  conference with the magistrate judge yet or no?
23             MR. TRIPP:  We have not, Your Honor, and to that
24  point, you know, defendants obviously -- in terms of the
25  merits of the FSLA claim, defendant would certainly be willing

1  to continue the toll to go discover the issue that have been
2  laid out already.  Again, in hopes of avoiding a potentially
3  burdensome notice to a putative collective that defendant
4  doesn't believe will have any claim, and would like to
5  discover that as efficiently as possible.
6             THE COURT:  Well, again, you can -- you can discuss
7  both the timing and the scope and prioritization of the
8  discovery with the magistrate judge once you have the initial
9  conference.  So, well actually Judge Lindsay -- I think a lot
10 of times she does it based upon papers, I'm not even sure she
11 -- that she -- I'm not even sure she has an initial in-person
12 conference.  But in any event, we're going to contact her
13 chambers and let her know we've decided the motion.  The case
14 should proceed with discovery but it might behoove you to try
15 to work out together, you know, the scope and the schedule
16 with regard to discovery and just submit it to her.  But
17 that's up to you.  Okay?
18            MR. TRIPP:  Understood.
19            THE COURT:  All right.  Thank you, counsel.  Have a
20 good night.
21            ALL:  Thank you, Your Honor.
22       (Court adjourned)
23
24
25

```
                                                                    12
     1                         CERTIFICATION
     2   I certify that the foregoing is a correct transcript from the
     3   electronic sound recording of the proceedings in the above-
     4   entitled matter.
     5
     6
     7   *Lewis Parham* (signature)                      12/22/16
     8
     9   _____              _____
    10   Signature of Transcriber                       Date
```