# jackson lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

EMAIL ADDRESS: TRIPPN@JACKSONLEWIS.COM
DIRECT DIAL: (631) 247-4661

December 21, 2017

**VIA ECF**

Hon. Judge Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *Keith Lewis, et al. v. Darby Dental Supply, LLC*
        Case No. 16-cv-02538

Dear Judge Bianco:

Further to the Parties' discussion with the Court on December 20, 2017 (Dkt. 55) and the Court's rulings on that date (Dkt. 55, 56), attached to this letter are two documents relating to the Fair Labor Standards Act settlement in this matter:

- The non-disclosure provision approved by Judge Sullivan in *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 U.S. Dist. LEXIS 12871 (S.D.N.Y. Feb. 3, 2016). Again, Defendant proposed that the approved in agreement in the instant matter be deemed to include the language in paragraphs 9(a) and (b) of the *Lola* agreement in place of paragraph 5 of the previously submitted agreement;

- A redacted version of the Parties joint request for settlement approval previously submitted under seal at Dkt. 53. The Parties request that the prior application remain sealed for the reasons discussed on the record, and that this version, which attaches the previously submitted settlement agreement, serve as the public version available on ECF.

This submission is made with the agreement of Plaintiffs' counsel. We thank the Court for its continued attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
Enclosures
cc:     Counsel of Record (*via ECF*)
4838-7884-9881, v. 1

# EXHIBIT A

legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in Paragraph 9 below will remain in effect.

     9.    **Non-Disclosure and Communications.**

        a.    Plaintiffs and Plaintiffs' counsel will not contact the media or utilize any social media regarding this Settlement or its terms. If contacted regarding this Settlement, Plaintiffs and Plaintiffs' counsels' response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

        b.    Plaintiffs' Counsel confirms that they will not upload and have removed any reference from their website and any promotional material about the Wage-Hour Lawsuit.

        c.    Nothing in this Settlement Agreement shall prevent Defendants Tower or Skadden from filing any required regulatory disclosures regarding the Wage-Hour Lawsuit or complying with its obligations under the law.

        d.    Plaintiffs' Counsel will promptly notify Defendants' Counsel of any third-party demand that they disclose information pertinent to this Settlement.

     10.    **Mutual Full Cooperation.** The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

     11.    **Non-disparagement.** Each Plaintiff specifically agrees that he/she will not make derogatory statements, either oral or written about Tower (which specifically includes its Founder and CEO, Ms. Leslie Firtell) or Skadden that relate to any matter occurring prior to the

# EXHIBIT B

**jackson lewis.**

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

December 11, 2017

VIA ECF (Under Seal)

Hon. Judge Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Keith Lewis, et al. v. Darby Dental Supply, LLC*
      Case No. 16-cv-02538

Dear Judge Bianco:

This joint letter is submitted on behalf of the Parties in the above-referenced action as a motion for approval of the Parties' Fair Labor Standards Act ("FLSA") settlement reattached as Exhibit 1. Plaintiffs take no position with respect to Section IV of this letter (confidentiality) and Defendant ("Darby") takes no position with respect to Section III (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the supervision doctrine. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).[1]

I.   **Summary of the Case**

The five total Plaintiffs in this action asserted the following wage-and-hour claims:

- Failure to include certain incentive compensation in the regular rate of pay in violation of the FLSA and New York Labor Law (NYLL);[2]

- Failure to pay overtime under the FLSA and NYLL for alleged "off the clock" work performed remotely and during unpaid meal periods; and,

---

[1] As discussed below, Defendant asks that the Court seal this filing, or in the alternative unseal it in redacted form only. Redacted settlement documents for public filing are included as Exhibit 2 to this letter.

[2] For example, if an individual received $1000 in incentive compensation in a month in which s/he worked 172 hours, 12 of which were overtime, the regular rate attributable to such incentive compensation would be approximately $5.82/hour, and the employee potentially owed $2.91 * 12 hours = $34.92 in overtime for that month.

**jackson‖lewis.**

- Violation of the NYLL Wage Theft Prevention Act's (WTPA) wage statement requirement on a "derivative" basis, i.e., because the wage statements provided did not reflect the overtime hours and wages alleged above, Plaintiffs asserted that those statements did not comply with NYLL § 195, and thus the corresponding WTPA penalty (NYLL § 198(1-d)) applied.[3]

Defendant asserted the following defenses to these claims:

- As to the rate calculation claim, for some of the pay periods in question, Plaintiffs qualified for payment as employees of a retail or service establishment under 29 U.S.C. § 207(i).  *See* Dkt. 18-2 at 14-17;[4]

- As to the off-the-clock claims, Plaintiffs did not (as a factual matter) perform such work.  To the extent they performed any such work, they failed to report it as work time and, as Darby maintained lawful practices requiring the reporting of work time, the company did not "suffer or permit" any off-the-clock work.  Dkt. 18-2 at 7-11; *Joza v. WW JFK LLC*, 2010 U.S. Dist. LEXIS 94419 (E.D.N.Y. Sep. 9, 2010);

- As discussed below, Plaintiff Livio signed a full, pre-litigation release enforceable as to her claims.  *Gaughan v. Rubenstein*, 2017 U.S. Dist. LEXIS 107042 (S.D.N.Y. July 11, 2017); and,

- As to the WTPA claims, Darby provided wage statements to Plaintiffs, and the WTPA does not create a "double penalty" provision for any alleged substantive violations of the NYLL.  Ex. B at 11-13.  Further Darby asserted the affirmative defense set forth in NYLL § 198(1-d) because it reasonably believed in good faith that it was not required to provide statements inclusive of the amounts claimed by Plaintiffs.

While this case was filed as a class and collective action, no motion for certification ever was made, and Defendant at all times asserted that none of the claims above would be suitable for class or collective treatment because "a combination of inquiries would be necessary for sorting through the claims of different plaintiffs . . .[and thus] orchestrating an

---

[3] The supervision requirement does not apply to resolution of New York Labor Law claims, which may be waived by private agreement.  *See Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law).

[4] Your Honor denied Defendant's motion to dismiss on this issue (and all issues raised therein) without prejudice to renewal of all the arguments contained therein following discovery.

**jackson lewis.**

efficient trial of all plaintiffs as a group would therefore be impracticable." *Morano v. Intercontinental Capital Grp., Inc.*, 2012 U.S. Dist. LEXIS 100830, at *20 (S.D.N.Y. July 17, 2012)(decertifying FLSA collective action)(internal quotes omitted). Further those "differences raise[d] a number of defenses available to defendants which appear to be individual to each plaintiff." *Id.* These defenses included the foregoing defenses as well as, depending on the scope of the collective or class sought, additional exemption defenses applicable to other Account Managers, such as the highly compensated exemption and the outside sales exemption. Dkt. 31 at 11 (Answer summarizing exemption defenses).

After the Complaint was served and Defendant's motion to dismiss denied, counsel for the Parties discussed the merits of Plaintiffs' claims in order to assess whether the matter could be resolved in lieu of further litigation. In the interest of avoiding the costs and uncertainties associated with protracted litigation and the uncertainty surrounding the success of Defendant's defenses, the Parties arrived at what they believe is a fair and reasonable settlement with the assistance of an accomplished mediator from the District's ADR Panel, Chaim Book, Esq. Plaintiffs presented an initial calculation of wages potentially owed to the five Plaintiffs of approximately $56,168.45, before liquidated damages.[5] Of this amount, approximately $2,500 pertained to Plaintiffs' overtime rate calculation claim, and the remainder was for alleged off-the-clock work. Thus, the parties' agreement compensates Plaintiffs well beyond the maximum value of the overtime rate claim, and substantially compensates them (even after attorneys' fees) for their remaining claims.

## II.  The Proposed Settlement Is Fair and Reasonable

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food*, 679 F.2d at 1354). The Parties agreed that *bona fide* disputes existed regarding, *inter alia,* 1) the applicability of the "7(i)" defense to Darby (and its individual application to Plaintiffs and putative class members); (2) Plaintiffs' ability to establish they are entitled to compensation for "off the clock" work, notwithstanding Darby's timekeeping policies; (3) the amount of any such off-the-clock work; and (4) Plaintiff Livio's preexisting release of claims.

Pursuant to the terms of the settlement agreement, Defendant is paying the total sum of One Hundred Seventy Thousand Dollars and Zero Cents to resolve Plaintiffs' wage claims. ($170,000.00).[6] Considering the numerous risks in this case, Plaintiffs' counsel believes

---

[5] This amount included some time potentially recoverable under the NYLL though not recoverable under the FLSA.

[6] Two Plaintiffs also resolved alleged discrimination claims pursuant to separate agreement. *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16;

**jackson lewis.**

that this settlement is a good result for Plaintiffs, and it should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Defendant presented "take nothing" defenses to many of Plaintiffs' claims. Plaintiffs' strongest claim – the failure to include incentive compensation in the regular rate for purposes of overtime – carried only modest potential damages based on Plaintiffs' tenures, hours worked and incentive compensation received. This settlement thus constitutes a classic compromise of contested issues.

III.   **The Attorneys' Fees Are Fair and Reasonable**

From the Settlement Amount of $170,000.00, one-third, or $56,666.66 is allocated for attorneys' fees. This one-third contingency - agreed upon by Plaintiffs in their retainer agreements and substantially less than Plaintiffs' Counsel's lodestar[7] - is regularly approved in this circuit in FLSA and NYLL cases. *See Chandler v. Total Relocation Services, LLC*, 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017) ( "Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y 2013) ("Class Counsel is requesting 33% of the $4.9 million settlement. This case does not require a 'sliding scale' approach to prevent a windfall because the requested amount is 'consistent with the norms of class litigation in this circuit.'") (Ellis, M.J.); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); *Chavarria v. New York Airport Serv.; LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

---

*Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16.
[7] Plaintiffs' Counsel's firm spent over 300 attorney hours on this matter, from April, 2016 through December, 2017, for a total lodestar of $112,086.00.

**jackson|lewis.**

      Plaintiffs' Counsel is not seeking reimbursement for costs.  Plaintiffs' Counsel has agreed to absorb, and not seek reimbursement from Plaintiffs for, costs of $1,275.00.[8]

**IV.  There Is No Compulsory Process Associated With FLSA Supervision And Private, Confidential Settlement Is Appropriate In This Case**



    **B.  Confidential Supervision of All Plaintiffs' Claims Is Appropriate in Any Case**

      Because the supervision doctrine has been judicially-fashioned, not legislated or issued through notice-and-comment regulation, there is no compulsory settlement approval process and, post-*Cheeks*, individual district judges have varied widely in their process and requirements.[10]  Courts still permit confidentiality provisions, confidential submissions and full

---

[8] Costs were:  (i) $400 for the filing fee, (ii) $75.00 for process server fees, and (iii) $800 for Plaintiffs' half of the mediator's fees.

[9] The parties jointly request this document remain confidential.

[10] Before *Cheeks*, though numerous district courts in this Circuit already had opined that supervision was required (citing *Lynn's Food*), many if not most courts in the Southern and Eastern Districts accept confidential submissions in support of settlement approval and did not even require filed sealing of the agreement of those submissions.  *See, e.g., Gamble v. TML Info. Servs., Inc., 13-cv-2142 (ADS), Docket No. 22 (E.D.N.Y. May 13, 2014); Walz, et al. v. 44 & X Inc., et al., 12-cv-5800 (AJP), Docket No. 108 (S.D.N.Y., Aug. 23, 2013); Lopez, et al. v. Madison Global LLC,*

**jackson lewis.**

releases in appropriate cases. *Passarinho et al v. Handybrook, Inc. et al.*, SDNY Case No. 15-cv-03984, Dkt. 70 (April 28, 2016)(reviewing under seal and approving settlement agreement addressing FLSA claims, non-FLSA claims and counterclaims); *Toussaint v. Gem Financial Services, Inc*, EDNY Case No. 16-cv-01737 (Minute Order 01/03/17)(sealing settlement agreement in FLSA retaliation case); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 U.S. Dist. LEXIS 12871 (S.D.N.Y. Feb. 3, 2016)(approving non-disclosure agreement); *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. LEXIS 151144 , 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015)(approving general release and discussing policy considerations related to scope of release issue); *Yunda, supra.* Courts within the Eleventh Circuit, where the *Lynn's Food* opinion upon which *Cheeks* is founded has been law for more than thirty years, often permit confidential review.[11]

---

*et al., 12-cv-3060 (JPO), Docket No. 59 (S.D.N.Y. June 19, 2013); Hidalgo v. N.Y. State Catholic Health Plan, Inc., 11-cv-4673 (FB), Docket No. 98, (E.D.N.Y. May 18, 2013); Alfaro v. Coliseum Kitchen Inc., 12-cv-1506 (ADS), Docket No. 39, (E.D.N.Y. May 16, 2013); Calle v. 1621 Rest. Inc. d/b/a Elio's Rest., et al., 12-cv-8387 (RWS), Docket No. 11 (S.D.N.Y. May 2, 2013); Panzo, et al v. House of Balkan, Inc., 12-cv-4450 (RJS), Docket No. 15 (S.D.N.Y. Feb. 8, 2013); Sanabria v. Delicioso Coco Helado, Inc., et al., 12-cv-4975 (GBD), Docket No. 24 (January 18, 2013); Galicia v. Jimik Food Corp., Inc., 12-cv-6367 (WDW), Docket No. 10, (E.D.N.Y. June 12, 2013); Campos v. Gabriela's Rest., No. 11-cv-03150 (PAE), Docket No. 29 (S.D.N.Y. May 31, 2012); Balingit v. Cnty. Nat'l Bank Corp., 11-cv-00440 (SJF), Docket No. 53, (E.D.N.Y. June 19, 2012); Parnell v. Kroll Ontrack, Inc., No. 11-cv-00473 (PAE), Docket No. 33 (S.D.N.Y. Jan. 25, 2012); Li v. Health Plus Prepaid Health Servs. Plan, Inc., 10-cv-1843 (DLI), Docket No. 44, (E.D.N.Y. Aug. 10, 2011); Toma v. Halpern & Pintel, Inc., et al., 10-cv-5936 (AKH), Docket No. 14 (S.D.N.Y. Sept. 20, 2011); Penteck v. Wheatley Hills Golf Club, Inc., 10-cv-00549 (ADS), Docket No. 13, (E.D.N.Y. July 29, 2010); Fredereksen v. ADM Milling Co., No. 06-cv-0113-GLS-DRH (N.D.N.Y. Nov. 6, 2007) (Sharpe, J.) (approving settlement without entering terms of settlement on record);. Other courts permited redaction of the publicly-filed agreement. Nunez, et al. v. Shirt Restaurant Corp., et al., 11-cv-2553 (KBF), Docket No. 21 (S.D.N.Y., January 25, 2012); Eiji Suda v. Sushiden Corp., 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011)(authorizing redaction of publicly filed FLSA agreement). Still others sealed the agreement. Medley v. Am. Cancer Soc'y, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010).*

[11] *See Rivera v. Laboratory Corp. of America, Case No. 8:11-cv-02678-EAK-TBM (Dkt. No. 25) (M.D. Fla. Jul. 3, 2012) (granting Motion "that the Court review the settlement agreement . . in camera so that it can remain confidential without becoming a public record in the court file"); Singh v. H&R Block Eastern Enterprises, Case No. 1:11-cv-20954-Scola (Dkt. No. 35) (S.D. Fla. Apr. 4, 2012) (Order granting motion to submit settlement agreement to the court for in camera review); Jackson v. Lincare, Inc., Case No, 8:11-cv-02653-TGW (Dkt. No. 22-2) (M.D. Fla. Apr. 2, 2012); Rojas v. MK Automotive, Inc., Case No. 8:11-cv-00798-EAK-MAP (Dkt. No. 23) (M.D. Fla. Dec. 20, 2011); McCray & Jones et al, v. Cellco Partnership d/b/a Verizon Wireless, 1:10 CV-2821 (Dkt. No. 145) (N.D. Ga. Nov. 8, 2011) (approving FLSA settlement agreement "[a]fter an in camera review"); Badgett, et al. v. Dollar Tree Stores, Case No. 0:10-cv-61617-Jordan (Dkt. No.123) (S.D. Fla. Sept. 26, 2011) (Order allowing parties to file redacted copy of FLSA settlement agreement and to send unredacted copy to chambers for in camera review); Cruz v. H&R Block Eastern Enterprises, Inc., No. 1:11-CV-21036 (S.D. Fla. 2011) (Jordon, J.) (approving FLSA settlement and dismissing claims after conducting in camera review of settlement agreement; Brune v. JPL Advisors, Inc., No. 8:11-cv-244-T-24-TBM (M.D. Fla. 2011)(approving settlement of FLSA claim after permitting parties to submit settlement agreement for in camera review); Robinson v. Dolgencorp, Inc., Case No. 06 Civ.122 (M.D. Fla. January 11, 2007) (order permitting in camera review of settlement); Shamootin v. Residential Finance Corp., Case No. 05 Civ. 1794 (M.D. Fla. March 16, 2006) (DE40 "Paperless" Endorsed Order permitting in camera review of FLSA settlement); Leon v. BP Products North America, Inc., Case No. 05 Civ. 22019 (S.D. Fla. Feb. 14, 2006) (Order permitting in camera review of FLSA settlement); Freyre v. Tin Wai Hui DMD, P.A., No. 08 Civ. 22810, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009)(approving confidential FLSA settlement agreement based on 1) representations of parties that agreement provided plaintiff with full recovery and 2) in camera review of agreement).*

**jackson|lewis.**

Confidential review pursuant to *Cheeks,* as a precursor to dismissal with prejudice under FRCP 41, is further warranted in complicated cases such as this one in light of the availability, in the alternative, of FRCP 68 offers of judgment to resolve FLSA claims in hybrid wage cases such as the instant matter, given that Rule's mandatory command to enter judgment. *See* FRCP 68(a)("If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk *must then enter judgment*)(emphasis added). "Unlike Rule 41, which defers to 'any applicable federal statute,' Rule 68 has no such limitation," and thus the *Cheeks* Court's analysis does not directly apply. *See Barnhill v. Stark Estate,* No. 15-CV-3360, 2015 U.S. Dist. LEXIS 125115, at *1-7 (E.D.N.Y. Sep. 17, 2015)(Cogan, J); *Corado v. Nevetz Eleven Ice Cream Parlour,* No. 15-CV-5985, 2016 U.S. Dist. LEXIS 45992, at *3-4 (E.D.N.Y. Apr. 5, 2016) (Spatt, J)("The Court finds the reasoning of Judge Cogan in [*Barnhill*] to be persuasive. To apply *Cheeks* in the Rule 68 context, where there is no federal statutory exception, would be a bridge too far"); *Baba v. Beverly Hills Cemetery Corp.,* No. 15-CV-5151, 2016 U.S. Dist. LEXIS 63172, at *1-3 (S.D.N.Y. May 9, 2016)(McMahon, J)("I can see no basis for reading any exception into the absolutely mandatory language of Rule 68, which compels the Clerk of Court to enter judgment on an accepted Offer of Judgment. The Second Circuit's decision in *Cheeks* . . . which gave rise to this court's concern, rests entirely on 'exceptional' language in Rule 41(a); there simply is no commensurate language in Rule 68"); *Butten v. Zaki Serv. Station Inc.,* No. 15-CV-4362 (ERK) (PK), 2016 U.S. Dist. LEXIS 99705 (E.D.N.Y. July 28, 2016)(M.J. Kuo). While the parties elected to draft a traditional settlement agreement in this matter, rather than having Defendant provide an offer of judgment regarding the FLSA claims, Defendant respectfully submits that the availability of that mechanism militates in favor of a flexible, case-specific approach to supervision, incentivizing FLSA Defendants and parties settling FLSA cases to implement agreements in principle through formal settlement, rather than entry of judgment.

In this action, the Parties negotiated a global settlement under which substantial consideration is being paid to resolve: 1) Plaintiffs' FLSA claims; 2) Plaintiffs' non-FLSA wage-and-hour claims; and, 3) two Plaintiffs' asserted discrimination claims. Defendant's assessment of those claims, and the available defenses as applied to Plaintiffs and putative Plaintiffs, was complicated and played out over several months. A mediated resolution was reached following a full-day session with an experienced employment law mediator, who helped the parties weigh the issues raised above. While the mediator and the Court have the expertise necessary to (respectively) facilitate and review that analysis, the average person does not. The public filing of this settlement agreement does not further the FLSA's remedial purpose, because a reviewer of the agreement will be unable to understand the nature of the FLSA claims, the defenses thereto, and the compromise arrived at. What's more, the information may in fact be misleading, by inviting a comparison where none exists. By permitting confidential filing of this application, or redacting or sealing the agreement, the Court preserves the confidential nature which attaches to most of the Parties' settlement. *See generally Gambale v. Deutsche Bank AG,* 377 F.3d 133 (2d Cir. 2004). It avoids a scenario where the lay public misconstrues or misunderstands the nature of the Parties' agreement. What the public will be able to observe with a confidential

# jackson|lewis.

filing is that the Court reviewed the agreement, and found it to be fair and reasonable, ensuring that the policies behind the FLSA were upheld.

We thank the Court for its continued attention to this matter and consideration of this application.

Respectfully submitted,

JACKSON LEWIS P.C.,

By:     Noel P. Tripp

NPT/dc
Enclosure

cc:    Julie Salwen, Esq. (via Electronic Mail)
       David Harrison, Esq. (via Electronic Mail)

4847-3428-1048, v. 3



# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

KEITH LEWIS, et al.,

                               Plaintiffs,

           - against -                   Case No.: 16-cv-02583

DARBY DENTAL SUPPLY, LLC

                             Defendant.

------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Keith Lewis, Salvatore Russo, Nicholas Jaworski and Alexander Navarro, and opt-in Plaintiff Maura Livio (hereinafter collectively referred to as the "Plaintiffs"), and Defendant Darby Dental Supply, LLC ("Defendant," collectively with Plaintiffs the "Parties"), through their respective counsel, hereby enter into this Settlement and Release Agreement (the "Agreement") to resolve all claims which were asserted or could have been asserted against Defendant by Plaintiffs in the Litigation (as that term is defined below).

## RECITALS

A.     WHEREAS, Plaintiffs Lewis, Russo, Jaworski and Navarro filed a collective and class action complaint on May18, 2016 (the "Complaint") in the above-captioned action (the "Litigation") alleging that Plaintiffs and others similarly situated were not paid wages and overtime wages;

B.     WHEREAS, the Complaint asserted class action claims under the New York Labor Law ("NYLL") and collective action claims under the Fair Labor Standards Act ("FLSA") and sought recovery of, among other things, unpaid wages and overtime compensation, liquidated damages, and attorneys' fees and costs;

C.     WHEREAS, only one (1) member of the putative collective has filed a consent to join the Litigation;

E.     WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to Plaintiffs, and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs; and,

F.     WHEREAS, Defendant has denied and continues to deny all of the allegations made by Plaintiffs, has denied and continues to deny that any putative class or collective

members, were not paid wages or overtime compensation under the NYLL, the FLSA, or any other statute, has denied and continues to deny that Defendant is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint, and has denied and continues to deny that the claims asserted in the Complaint are appropriate for class or collective treatment, except for settlement purposes only;

G.  NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.  **Consideration.**  In consideration for Plaintiffs' timely signing and not timely revoking this Negotiated Settlement Agreement & General Release ("Agreement") and complying with the promises made by Plaintiffs contained in this Agreement, including the general release and waiver of claims, Defendant agrees to provide Plaintiffs with the total settlement sum of One Hundred Seventy Thousand Dollars and No Cents ($170,000.00) ("the Lawsuit Settlement Amount"), in consideration for and in full satisfaction of all claims Plaintiffs may have against the Defendant (as set forth more fully in Paragraph 4), known or unknown, asserted or unasserted, through the date of their complete execution of the Agreement, except for certain alleged claims of Plaintiffs Russo and Lewis as discussed in Paragraph 11 below (the "NYSHRL Claims").  Provided Plaintiffs all have signed the Agreement and the Court has approved the Settlement pursuant to the FLSA and dismissed the Lawsuit with prejudice, the Lawsuit Settlement Amount will be paid in two equal installments, as follows:

(a) Payments totaling Eighty Five Thousand Dollars and No Cents ($85,000.00), to be paid on or before December 15, 2017, allocated as set forth in Exhibit B;

(b) Payments totaling Eighty Five Thousand Dollars and No Cents ($85,000.00), to be paid on or before January 15, 2018, allocated as set forth in Exhibit B:

(c) One half (50.00%) of the payments to Plaintiffs shall be attributable to alleged unpaid wages, with IRS Forms W-2 to be issued to Plaintiffs with respect to these amounts after the end of the calendar year in which the settlement checks are paid.  The other half (50.00%) of the payments to Plaintiffs shall be attributable to alleged liquidated damages, statutory penalties and interest, with IRS Forms 1099 (Box 3 - Other Income) to be issued to Plaintiffs with respect to these amounts after the end of the calendar year in which the settlement checks are paid;

(d) The checks set forth in Paragraphs 1(a) through 1(b) herein will be mailed to Plaintiffs' counsel of record, Harrison, Harrison & Associates, Ltd., David Harrison, Esq., 110 State Highway 35, Suite 10, Red Bank, New Jersey 07701 on or before the deadline and following: (i) Defendant's counsel's receipt from Plaintiffs of this Agreement executed by Plaintiffs, and of the separate settlement agreements to be signed by Plaintiffs Lewis and Navarro waiving the NYSHRL Claims; (ii) the revocation period set forth herein has expired with no revocation by Plaintiffs of their acceptance of this Agreement; (iii) Defendant's counsel is in receipt of both a duly-

executed IRS Form W-4 from Plaintiffs and in receipt from Plaintiffs' counsel of a duly-executed IRS Form W-9 from Plaintiffs' counsel; and (iv) Defendant's counsel is in receipt of the Stipulation of Dismissal in the form attached hereto as Exhibit "A" signed and entered by the Court (or a separate order of the Court approving this Agreement and dismissing the Litigation with prejudice).  If, as of December 15, 2017 the Court has not signed the Stipulation of Dismissal or otherwise issued an order either 1) approving this Agreement and dismissing the Litigation with prejudice or 2) declining to approve this Agreement, Defendant shall send the first settlement payments to Plaintiffs' counsel to hold "in escrow" pending approval, to be returned to Defendant in the event approval is not granted.

       2.     **No Consideration Absent Execution of this Agreement.**  Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

       3.     **Tax Liability.**  Plaintiffs and/or their counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against them upon such settlement sums set forth in Paragraph 1 above.  Plaintiffs further agree to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiffs, but specifically excluding any employer-paid payroll taxes and related interest, penalties or other liabilities or costs, that may be assessed against them in connection with those sums.  Plaintiffs acknowledges that they have not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

       4.     **General Releases, Claims Not Released and Related Provisions.**

       (a)     General Release of All Claims by Plaintiffs.  Plaintiffs, in consideration of the payments set forth in this Agreement, knowingly and voluntarily release and forever discharge Defendant Darby Dental Supply, LLC, and all of its present or formerly related or affiliated persons or entities, investors, insurers, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, members, partners, agents, fiduciaries, representatives and past or present employee of any such entity, and any otherwise related persons and entities, in their capacity as such (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all actions, causes of action, claims, and demands, whether known or unknown, asserted or unasserted, whether statutory or common law, whether federal, state, local, or otherwise related to or arising out of any aspect of Plaintiffs' employment with Defendant, any agreement concerning such employment, or the termination of such employment, which the Plaintiffs have or may have against Releasees in any forum as of the date of execution of this Agreement, arising out of, or in any way connected with, Plaintiffs' claims under:

- The Fair Labor Standards Act (FLSA);

- The New York State Labor Law;

- The New York wage, wage theft, wage payment and wage–hour laws;

- The National Labor Relations Act;

- Title VII of the Civil Rights Act of 1964;

- The Civil Rights Act of 1991

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Equal Pay Act;

- The Family and Medical Leave Act;

- The Fair Credit Reporting Act (and any comparable state law);

- The Age Discrimination in Employment Act of 1967;

- The Sarbanes-Oxley Act of 2002;

- The Workers Adjustment and Retraining Notification Act;

- The Occupational Safety and Health Act;

- The New York State Executive Law (including its Human Rights Law)(except for the NYSHRL Claims, as discussed below);

- The New York City Administrative Code (including its Human Rights Law);

- The New York Civil Rights Law;

- The New York Minimum Wage Law and all wage orders;

- The Florida Civil Rights Act - Fla. Stat. § 760.01, et seq.;

- Florida's Private-Sector Whistle-blower's Act - Fla. Stat. § 448.101, et seq.;

- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim - Fla. Stat. § 440.205;

- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex - Fla. Stat. § 448.07;

- The Florida Equal Pay Act - Fla. Stat. § 725.07;

- The Florida Omnibus AIDS Act - Fla. Stat. § 760.50;

- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait - Fla. Stat. §§ 448.075, 448.076;

- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;

- Florida's General Labor Regulations, Fla. Stat. Ch. 448;

- Any amendment to the foregoing statutes;

- Any other federal, state or local human rights, whistleblower, retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule regulation, or ordinance of any kind;

- Any benefit plan, compensation plan, severance plan or any other policy, plan, practice, procedure or program of any kind;

- Any public policy, contract (whether oral or written, express or implied), collective bargaining agreement, tort (whether intentional, negligent or otherwise), common law or other claim;

- Any claim for costs, fees, or other expenses including attorneys' fees.

Each Plaintiff is not waiving any rights he or she may have to his or her own vested accrued employee benefits under any applicable Employer health, welfare, or retirement benefit plans as of the last day of employment.

(b) <u>Governmental Agencies</u>. Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies and all monies paid hereunder shall be set-off in full against any relief or recovery based on claims having the same factual predicates as

those released pursuant to section 4(a) above;

(c)     Collective/Class Action Waiver.   If any claim is not subject to release therein, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, grievance or proceeding based on such a claim in which Defendant or any Releasee identified in this Agreement is a party and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment; and,

(d)     General Release of Claims by Defendant.     Releasees, in consideration of Plaintiffs' comprehensive General Release of Claims as set forth in this Agreement (and the agreements releasing the NYSHRL Claims) and for other promises and covenants contained in the Agreement, knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all actions, causes of action, claims, and demands whatsoever, known and unknown, asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, which Releasees has or may have against Plaintiffs as of the date of the execution of the Agreement, including, but not limited to claims arising under all Federal, State and local statutes, regulations, decisional law and ordinance.

5.     **Confidentiality.**  Plaintiffs shall not, except as compelled by law (or to the limited extent needed to confer with his or her spouse or significant other, tax advisor or counsel, each of whom first must agree not to make any disclosure that Plaintiff could not make), publicize or disclose to any person or entity any term of or the making of this Agreement or the facts or circumstances relating to any asserted or potential claims against Defendant.  This covenant of complete confidentiality includes, but is not limited to, claims that Plaintiffs have or could have asserted against Defendant, any alleged conduct by Defendant, the terms or the making of this Agreement, and Plaintiffs' receipt of payments hereunder, including the amount of said payments.  Plaintiffs each understand and agree that any material violation of this covenant of confidentiality, either directly by a Plaintiff, or by anyone to whom such Plaintiff made any disclosure, may constitute a material breach of the parties' Agreement, which may cause Defendant to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of the parties' agreement).  If Plaintiffs are asked about the claims that Plaintiffs have or could have asserted against Defendant, the terms or the making of this Agreement, Plaintiffs' receipt of payments hereunder, and/or any other questions relating to the Lawsuit, they shall respond only by stating "The matter was resolved".  If asked further, Plaintiffs shall state only "I cannot discuss the matter further.

6.     **Acknowledgments and Affirmations.**

Plaintiffs each affirm that they have not filed or caused to be filed any other claim, grievance or arbitration against Defendant and presently are a party solely to this Litigation;

Plaintiffs each affirm that they will not, at any point from the date this Agreement is fully executed and going forward, institute a claim or lawsuit of any kind against Defendant for claims arising out of, or in any way connected with, any claim Plaintiff did assert or could

have asserted in the Litigation;

Plaintiffs each affirm that, while employed they never made any report of and thus were not retaliated against for reporting any allegations of corporate fraud, having not made any such report while employed other than the filing of this Lawsuit;

As a result of this settlement and the consideration provided to Plaintiffs hereunder, Plaintiffs admit and confirm that they each: (i) have been paid and have received all bonuses, payments, commissions, severance and benefits to which they may be entitled from Defendant and that no leave (paid or unpaid) or other compensation is due to them from Defendant other than any vested accrued employee benefits under any applicable Employer retirement benefit plans as of their last day of employment; (ii) have been paid in full for all hours allegedly worked; (iii) have been paid for all alleged attorneys' fees and other relief to which they may be entitled; (iv) understands that the consideration set forth in paragraph 1 of this Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and, (v) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph 1 of this Agreement;

Plaintiffs each affirm they have no known workplace injuries or occupational diseases and know of no basis to make any claim for workers' compensation benefits; and,

Plaintiffs each affirm that they have not received any conditional payments from Medicare or the state equivalents for any alleged injuries in the Lawsuit. Plaintiffs each affirm that Medicare has no interest in the payment under this settlement. Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payments to any Plaintiff under this settlement, such Plaintiff agrees to indemnify, defend and hold Defendant harmless from any action by CMS relating to medical expenses of such Plaintiff. Plaintiffs agree to reasonably cooperate with Defendant upon request with respect to (i) any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, and (ii) any claim that the CMS may make and for which any Plaintiff is required to indemnify Defendants under this paragraph. Further, Plaintiffs agree to waive any and all future actions against Defendant for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

7. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable. If that cannot be done, then such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Jurisdiction**. The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction for all purposes.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment**. Except as set forth above, this Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.** Except for 1): the individual agreements resolving the NYSHRL Claims asserted by Plaintiffs Lewis and Navarro, to be entered into contemporaneously with this Agreement; 2) Paragraph 4 of the Confidential Settlement Agreement and Release signed by Plaintiff Livio on March 8, 2016; and 3) the Confidentiality and Non-Disparagement Agreements signed by Plaintiff Navarro on September 9, 2013, Plaintiff Lewis on November 11, 2013, Plaintiff Jaworski on May 6, 2013 and Plaintiff Russo on November 11, 2013, this Agreement sets forth the entire agreement between the Parties hereto, fully supersedes any prior agreements or understandings between the Parties and satisfies all obligations of Defendant to Plaintiffs.

12. **No Waiver**. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon; and all of which shall together constitute on and the same instrument.

15. **Representation**.

a. Plaintiffs' counsel affirms that he and his firm represent solely Plaintiffs, and not any other current or former employee, contractor or service provider of Defendant. Further, Plaintiffs' counsel affirms he and his firm do not represent any additional individual(s) who, upon counsel's information and belief, has or may have any existing claim against Defendant. In conformity with New York Rule of Professional Conduct 7.3, Plaintiffs' counsel shall not solicit any current or former employees, contractors or service providers of Defendant to bring any claim(s) against Defendant; and,

b. Plaintiffs shall not solicit or encourage any current or former employees, contractors or service providers of Defendant to bring any claim(s) against Defendant.

16.   **Revocation**.   Any Plaintiff who is over 40 years of age at the time of signing this Agreement may revoke this Agreement during the period of seven (7) calendar days following the day such Plaintiff signs this Agreement.  Any revocation within this period must be submitted, in writing to Noel P. Tripp, Esq., Jackson Lewis P.C., 58 South Service Rd., Suite 250, Melville, New York 11747 and state, "I hereby revoke my acceptance of our agreement and general release."  The revocation must be personally delivered to Noel P. Tripp or his designee or mailed to Noel P. Tripp and Postmarked within seven (7) calendar days after such Plaintiff signs this Agreement and General Release.

17.   **Competency to Waive Claims**.   Plaintiffs each affirm that he/she is competent to enter into a knowing and voluntary general and unlimited release of all claims as contained herein, and to enter into this Agreement.  He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.  To the contrary, he has a clear and complete understanding of this Agreement.  Each Plaintiff furthers affirms that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Releasor.

18.   **Procedure**.   After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "A" fully are executed by the Parties and their counsel, the Parties will jointly submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court via letter or other means on a confidential basis for the Court's consideration and approval.

**PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEYS PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIFFS ACKNOWLEDGE THAT THEY UNDERSTAND ALL THE TERMS OF THIS AGREEMENT AND HAVE BEEN FULLY ADVISED AND INFORMED BY COUNSEL OF THEIR CHOICE REGARDING EVERY ASPECT OF THIS AGREEMENT, AND HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, DAVID HARRISON, ESQ. AND JULIE SALWEN, ESQ. OF HARRISON, HARRISON & ASSOCIATES, LTD., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: __11/6__, 2017          By: _Keith L_____
                                   **KEITH LEWIS**


Dated: _____, 2017          By: _____
                                   **SALVATORE RUSSO**


Dated: _____, 2017          By: _____
                                   **NICHOLAS JAWORSKI**


Dated: _____, 2017          By: _____
                                   **ALEXANDER NAVARRO**


Dated: _____, 2017          By: _____
                                   **MAURA LIVIO**


**As to Paragraph 15(a) only:**

Dated: __11/6_____, 2017       _____
                                   David Harrison, Esq.
                                   HARRISON, HARRISON & ASSOCIATES LTD.


                                **DARBY DENTAL SUPPLY, LLC,**

Dated: _____, 2017          By: _____

                                Title: _____

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2017        By: _____
                                     KEITH LEWIS

Dated: 11/5/17, 2017            By: _____
                                     SALVATORE RUSSO

Dated: _____, 2017        By: _____
                                     NICHOLAS JAWORSKI

Dated: _____, 2017        By: _____
                                     ALEXANDER NAVARRO

Dated: _____, 2017        By: _____
                                     MAURA LIVIO

As to Paragraph 15(a) only:

Dated: _____, 2017        _____
                                David Harrison, Esq.
                                HARRISON, HARRISON & ASSOCIATES LTD.


                                DARBY DENTAL SUPPLY, LLC,

Dated: _____, 2017        By: _____

                                Title: _____

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2017          By: _____
                                       **KEITH LEWIS**


Dated: _____, 2017          By: _____
                                       **SALVATORE RUSSO**

Dated: __11/6__, 2017             By: _____
                                       **NICHOLAS JAWORSKI**


Dated: _____, 2017          By: _____
                                       **ALEXANDER NAVARRO**


Dated: _____, 2017          By: _____
                                       **MAURA LIVIO**


**As to Paragraph 15(a) only:**

Dated: _____, 2017             _____
                                       David Harrison, Esq.
                                       HARRISON, HARRISON & ASSOCIATES LTD.


                                       **DARBY DENTAL SUPPLY, LLC,**

Dated: _____, 2017          By: _____


                                  Title: _____

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2017          By: _____
                                      **KEITH LEWIS**

Dated: _____, 2017          By: _____
                                      **SALVATORE RUSSO**

Dated: _____, 2017          By: _____
                                      **NICHOLAS JAWORSKI**

Dated: 11/6, 2017                 By: _____
                                      **ALEXANDER NAVARRO**

Dated: _____, 2017          By: _____
                                      **MAURA LIVIO**

As to Paragraph 15(a) only:

Dated: _____, 2017          _____
                                  David Harrison, Esq.
                                  HARRISON, HARRISON & ASSOCIATES LTD.

                                  DARBY DENTAL SUPPLY, LLC,

Dated: _____, 2017          By: _____

                                  Title: _____

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2017          By: _____
                                      **KEITH LEWIS**


Dated: _____, 2017          By: _____
                                      **SALVATORE RUSSO**


Dated: _____, 2017          By: _____
                                      **NICHOLAS JAWORSKI**


Dated: _____, 2017          By: _____
                                      **ALEXANDER NAVARRO**


Dated: 11/5/, 2017               By: _____
                                      **MAURA LIVIO**


**As to Paragraph 15(a) only:**

Dated: _____, 2017

                                 _____
                                 David Harrison, Esq.
                                 HARRISON, HARRISON & ASSOCIATES LTD.


                                 **DARBY DENTAL SUPPLY, LLC,**

Dated: _____, 2017          By: _____

                                 Title: _____

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2017          By: _____
                                       **KEITH LEWIS**


Dated: _____, 2017          By: _____
                                       **SALVATORE RUSSO**


Dated: _____, 2017          By: _____
                                       **NICHOLAS JAWORSKI**


Dated: _____, 2017          By: _____
                                       **ALEXANDER NAVARRO**


Dated: _____, 2017          By: _____
                                       **MAURA LIVIO**


**As to Paragraph 15(a) only:**

Dated: _____, 2017          _____
                                       David Harrison, Esq.
                                       HARRISON, HARRISON & ASSOCIATES LTD.


                                       **DARBY DENTAL SUPPLY, LLC,**

Dated: _11/3_, 2017               By: _____

                                  Title: _E V P + C F O_____